IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LORITA GRANDBERRY MORROW, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02709-SHL-tmp |
| ) | |
| KROGER LIMITED PARTNERSHIP I, ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Before the Court is Plaintiff Lorita Grandberry Morrow's Motion to Remand to State Court, filed July 23, 2025. (ECF No. 7.) Defendant Kroger Limited Partnership I responded in opposition on August 5. (ECF No. 8.) For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

On July 11, 2024, Morrow sued Kroger in the Chancery Court of Shelby County, Tennessee, alleging discrimination on the basis of age, race, sex, and disability in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, along with a claim of common law civil conspiracy. (Id. at PageID 163.) Morrow, seventy-five years old at the time of her complaint, worked as a cashier for Kroger at one of its Shelby County stores. (Id.; ECF No. 1-2 ¶ 12.) She alleges that, in February 2024, she became sick at work and began to feel pain in her right leg. (ECF No. 8 at PageID 163.) The next day, her doctor ordered her not to work for two weeks due to the pain. (ECF No. 1-2 ¶ 14.) According to Morrow, when she asked for a two-week leave of absence, Kroger asked her to provide documents from her healthcare provider. (ECF No. 8 at PageID 163.) Instead of providing those documents, however, Morrow requested leave under the Family Medical Leave Act ("FLMA"). (Id.) But she had not worked enough

hours to qualify for FMLA, and so requested a personal leave of absence. (Id.) According to Morrow, Kroger then advised her that, on account of her age, she could receive her pension. (ECF No. 1-2 ¶ 20.) However, when she tried to return to work in April 2024, she learned that Kroger had fired her without hope of a pension. (Id. ¶ 22.)

Kroger has removed this case to federal court twice, first on August 12, 2024. See No. 2:24-cv-02564-SHL-cgc. At that time, Morrow filed a motion to remand, arguing that Kroger had not provided sufficient proof that the amount in controversy exceeded $75,000. (ECF No. 8 at PageID 163.) On January 29, 2025, the Court remanded the case because, although there was complete diversity of citizenship, the amount in controversy remained in question. (Id. at PageID 163–64.)

Back in Chancery Court, on May 28, Kroger served Morrow with its first set of interrogatories and requests for admission, which included three questions about the amount in controversy. (Id. at PageID 165, 168.) But Morrow did not timely respond, even as the one-year removal deadline loomed on July 11. (Id.) At last, on July 1, Morrow sent a letter with a $100,000 settlement demand, which Kroger viewed as "concrete evidence that the amount in controversy exceeds $75,000." (Id. at PageID 165.) "Almost immediately," Kroger removed the case a second time. (Id.) Morrow filed this Motion to Remand on July 23. (ECF No. 7.)

## ANALYSIS

There are two paths that lead a claim to federal court. The first path requires the claim to raise a federal question. 28 U.S.C. § 1331. The second path requires diversity of citizenship between the parties. 28 U.S.C. § 1332. Parties are diverse when the plaintiff and defendant are citizens of different states; however, federal court can only exercise diversity jurisdiction if the matter in controversy exceeds $75,000. § 1332(a). When a defendant removes a case to federal

court, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy requirement is met.  Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007).

In the Motion, Morrow argues that the Court lacks jurisdiction because her $100,000 demand consists of "punitive damages and costs that are mere speculation and not damages that can [b]e ascertained," and thus her demand letter does not prove that the amount in controversy likely exceeds $75,000.  (ECF No. 7-1 at PageID 153–54.)  She also seems to argue that Kroger's removal is deficient because it identifies itself as "Kroger Limited Partnership I" instead of "The Kroger Company," as she chose to name it in the caption of the complaint.  (Id. at PageID 156.)  Finally, she requests costs and attorney's fees for opposing Kroger's removal, which she views as unreasonable.  (Id. at PageID 154–55.)

In response, Kroger argues that the amount in controversy likely exceeds $75,000 because Morrow's complaint alleges "damages for her alleged lost pension benefits and emotional distress and humiliation, as well as her attorney's fees and costs," and because her July 2025 letter demanded a $100,000 settlement.  (ECF No. 8 at PageID 166.)  That letter even itemized Morrow's damages as $55,000 for "lost wages" and $45,000 for "punitive damages and costs," further proving that the amount in controversy likely exceeds $75,000, according to Kroger.  (Id. at PageID 167.)  It also points out that, in Chancery Court, Morrow did not timely respond to interrogatories about the amount in controversy.  (Id. at PageID 169.)  Thus, Kroger asks the Court to construe her reticence as additional evidence that the amount in controversy is likely met.  (Id. (quoting Puri v. Baugh, No. 14-CV-137, 2015 WL 3796346, at *4 (W.D. Ky. June 18, 2015) ("Refusals to stipulate or specify damages are appropriately considered evidence that damages exceed $75,000 'when the most logical inference from the plaintiff's refusal is that

she wants to avoid removal to federal court.'")).) And Kroger asserts that its removal was not rendered improper by repeatedly correcting Morrow's failure to name it as "Kroger Limited Partnership I" in the complaint caption. (Id. at PageID 171.) Finally, it argues that Morrow is not entitled to costs and attorney's fees because Kroger had an "objectively reasonable basis" for its removal. (Id. at PageID 170.)

Kroger has the burden to prove that the amount in controversy "more likely than not" exceeds $75,000. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). "[C]ourts discern the amount in controversy by consulting *the face of the complaint* and accepting the plaintiff's good faith allegations." Encore Energy, Inc. v. Morris Ky. Wells, LLC, No. 20-5161, 2020 WL 8511672, at *2 (6th Cir. Oct. 6, 2020) (citation omitted). Because a demand letter is merely a negotiation tactic, "a party's demand is not especially strong evidence of the amount in controversy." Shupe v. Asplundh Corp., No. 12-CV-286, 2013 WL 647504, at *2 (E.D. Ky. Feb. 21, 2013), aff'd sub nom. Shupe v. Asplundh Tree Expert Co., 566 F. App'x 476 (6th Cir. 2014).

Here, the face of Morrow's complaint contains no specific allegations regarding the amount in controversy. She seeks only "[a]n award of damages for his [sic] economic losses, emotional distress, and humiliation," in addition to "attorney's fees and costs." (ECF No. 1-2 at PageID 17.) But Morrow's economic losses are unclear; she alleges no specific facts about her work hours or pay. The closest she comes to alleging her work hours is when she repeats, without rebuttal, Kroger's assertion that "she had not worked enough hours" to qualify for FMLA leave. (Id. ¶ 17.) Further, although she pleads that she was left without "her pension or any other benefits that she received from Kroger" (id. ¶ 23), the value of those alleged benefits is opaque. Finally, her request for attorney's fees does not cause her case to exceed the $75,000 threshold because "attorney's fees are not traditionally considered as part of the amount in

4

controversy." State Auto Nat. Ins. Co. v. Stanton, No. 11-CV-379, 2012 WL 6193969, at *3 (E.D. Tenn. Dec. 12, 2012).

Although Kroger faults Morrow for withholding answers to its questions about the amount in controversy, and points to the $100,000 demand letter as evidence that the amount in controversy is likely satisfied (ECF No. 8 at PageID 166, 169), those arguments do not help Kroger meet its burden.  First, "the most logical inference" from Morrow's failure to answer questions is not necessarily that "she want[ed] to avoid removal to federal court." See Puri, 2015 WL 3796346, at *4 (citation omitted).  It is no less logical to infer, for instance, that her attorney negligently overlooked the required filing, which would not, without more, amount to a "[r]efusal[] to stipulate or specify damages."  See id.  Second, the demand letter itself is inconsistent with the relief Morrow seeks in her complaint.  Although the demand letter seeks $55,000 for "lost wages" and $45,000 for "punitive damages and costs" (id. at PageID 167), the complaint makes no mention of punitive damages in its request for relief.  Thus, the demand letter, at best, requests only $55,000 in lost wages—short of the amount in controversy requirement.  This Court lacks jurisdiction.[1]

Thus, the Motion to Remand is **GRANTED**.  However, because Kroger's removal to this Court was not unreasonable, and further because the request for attorney's fees did not comply with Local Rule 54.1(b), Morrow's request for attorney's fees and costs is **DENIED**.

## CONCLUSION

For the reasons stated above, Morrow's Motion to Remand is **GRANTED** and her request for attorney's fees is **DENIED**.

---

[1] Because the Motion is granted on other grounds, the Court need not address Morrow's additional arguments.

**IT IS SO ORDERED,** this 23rd day of February, 2026.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE